**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MFIB LLC,

               Plaintiff,

vs.

IBCA LLC, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No.  CV-25-02517-PHX-SPL

**ORDER**

Before the Court is Defendants IBCA LLC and Allen W. Sands's Motion to Amend Counterclaims (Doc. 77), Plaintiff MFIB, LLC's Response (Doc. 78), and Defendants' Reply (Doc. 80).[1] For the following reasons, the Motion will be granted.[2]

**I.     BACKGROUND**

Plaintiff MFIB, LLC initiated this action on June 17, 2025 when it filed a Complaint against Defendants IBCA, LLC and Allen W. Sands, asserting claims for federal trademark infringement, federal false designation of origin, and trademark infringement under Arizona law. (Doc. 1 at 11, ¶¶ 36–67). At the same time, Plaintiff filed a Motion for Preliminary Injunction, asking the Court to enjoin Defendants from using the allegedly infringing "ICON" and "ICON Builders" marks. (Docs. 2, 3). Following an evidentiary

---

[1]     Also filed on the docket is Defendants' Motion for Expedited Ruling on the instant Motion. (Doc. 85). It is not yet fully briefed.

[2]     Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

hearing (ME 40), the Court denied Plaintiff's Motion for Preliminary Injunction. (Doc. 49). In denying the Motion for Preliminary Injunction, the Court found that it is very likely that Defendant Sands is a senior user of the ICON marks and did not abandon his ownership rights to the marks. (*Id.*).

After the Preliminary Injunction Hearing, Defendants filed an Amended Answer, which includes four counterclaims against Plaintiff for Violation of the Arizona Consumer Fraud Act, Unfair Competition and Palming Off, Breach of Contract, and Unjust Enrichment. (Doc. 51 at 14–17). Plaintiff filed an Answer to the Counterclaims. (Doc. 61). Now, Defendant has filed a Motion to Amend their Counterclaims "to add claims that MFIB obtained trademarks by fraudulent means." (Doc. 77 at 2).

## II.    LEGAL STANDARD

### A.  Amendment under Rule 15

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely give[n] . . . when justice so requires." The policy in favor of amendment "is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotation marks omitted). Still, courts consider the following factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff had amended the complaint before. *Id.* The prejudice factor carries the most weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the burden to show that leave to amend should be denied. *See New Enters. Ltd. v. SenesTech Inc.*, No. CV-18-08033-PCT-JAT, 2019 WL 1505898, at *2 (D. Ariz. Apr. 5, 2019).

### B.  Amendment under Rule 16

After a court enters a scheduling order under Federal Rule of Civil Procedure 16, "which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Federal

Rule of Civil Procedure 16(b)(4) provides that: "A schedule may be modified only for good cause and with the judge's consent." The analysis under Rule 16 "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609 (citation omitted). The "'good cause' standard primarily concerns the diligence of the party seeking the amendment." *Id.*

### III. DISCUSSION

Defendants seek leave to add three additional counterclaims: (1) Cancellation of the ICON Marks—Fraud on the TTAB—Similar Marks; (2) Cancellation of the ICON Marks—Fraud on the TTAB—Overbroad Registration; (3) Cancellation of the ICON Marks—15 U.S.C. § 1052. (Doc. 77-3 at 16–18). The Court will consider the request under both Rules 15 and 16.

### A. Rule 15 Factors Test

Leave to amend the counterclaims is warranted under Rule 15. The Court will address each factor in turn. *See Eminence Cap., LLC*, 316 F.3d at 1052. First, there is not evidence on which the Court is inclined to make a finding of bad faith. Plaintiff argues that Defendants "have made repeated attempts to prolong these proceedings" and Defendants filed this Motion "to further delay these proceedings" and obtain more time to use the ICON marks. (Doc. 78 at 11). As will be discussed further below, the Court does not find that there is undue delay, and Plaintiff does not point to any facts showing that the amendment is sought with "intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (citation omitted). Therefore, the first factor weighs toward granting leave to amend.

To assess the second factor, undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Plaintiff argues that Defendants should have known about the facts behind the proposed counterclaims as early as August 2022 "based on the public [United States Patent and Trademark Office] record" of MFIB's trademark filings. (Doc. 78 at 7). Plaintiff

3

also argues that Defendants were on notice of these facts when Plaintiff filed the Complaint bringing trademark infringement claims, or at the very least, after the preliminary injunction hearing which took place on September 10, 2025. (*Id.* at 7–8). Defendants argue that the facts behind the proposed counterclaims were "only fully developed during the Preliminary Injunction Hearing in September 2025" when Plaintiff's CEO testified at the with statements that contradict "the statements that MFIB made under oath to obtain the ICON registered marks."[3] (Doc. 77 at 4, 7). Defendants filed their Amended Answer with counterclaims on September 22, 2025. (Doc. 51). Defendants then filed the instant Motion on January 22, 2026. (Doc. 77). Though there is some delay between the hearing and the motion to file these counterclaims, the Court does not find undue delay here. *See Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025) ("[D]elay cannot be individually decisive."). Moreover, the case is still in the discovery phase. For all these reasons, the second factor weighs toward granting leave to amend.

Third, and most importantly, the Court does not find prejudice to Plaintiff. Plaintiff argues that the proposed counterclaims would require opening "a veritable Pandora's box of discovery" and it will be prejudiced because it was not "on notice of the fraud dispute." (Doc. 78 at 10). Specifically, Plaintiff argues that the proposed counterclaims would require discovery about "MFIB's knowledge of Defendants' business," the prosecution histories for the trademark registrations, Plaintiff's communications with trademark counsel, and "MFIB's intent and scienter when filing and pursuing" the trademark applications. (*Id.*).

The proposed amended counterclaims assert additional facts about Plaintiff's

---

[3]    Defendants explain that Plaintiff MFIB's CEO Justin Krueger testified "that he was fully aware of [Defendant Sands'] use of the ICON Builders name at the time MFIB filed the trademark registration and he was also aware that MFIB viewed [Defendant Sands'] use of the ICON Builders name as likely to cause confusion with MFIB's use of the ICON marks." (Doc. 77 at 4 (citing Hearing Tr. at 81:10-18, 90:12-20)). The theory behind Defendants' proposed counterclaims is that these statements contradict Plaintiff's sworn statement to the United States Patent and Trademark Office that "no other persons have the right to use such mark in commerce, either in the identical form or in such near resemblance as to be likely to cause confusion or mistake, or to deceive." (*Id.* at 5). Therefore, Defendants claim that Plaintiff obtained the trademark through fraudulent means. (*Id.*).

4

Trademark applications and Plaintiff's knowledge of Defendants' use of the marks. Although Plaintiff may not have been on notice of these new claims, the new facts are based on information that is within Plaintiff's control. In addition, this case is still in discovery, with no pretrial conference or trial date scheduled. (*See* Doc. 84); *see also DCD Progs. Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987) ("Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that HFB would be prejudiced by the timing of the proposed amendment."). The lack of prejudice to Plaintiff, which "carries the greatest weight" in this analysis, weighs toward granting leave to amend. *Eminence Cap.*, 316 F.3d at 1052.

The fourth factor, futility, also weighs toward granting leave to amend. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Coronado v. Costco Wholesale Corp.*, No. CV-18-04184-PHX-SMB, 2019 WL 2288312, at *1 (D. Ariz. May 29, 2019) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Plaintiff argues that Defendants have not met the heightened pleading standard required for fraud claims, specifically as to Defendants' allegations for scienter and intent. (Doc. 78 at 12). To support the proposed counterclaims, Defendants have pled facts based on statements made in the trademark applications and contracts between the parties. (Doc. 77-3 at 9–12, at ¶¶ 52, 54, 55, 60, 67). From the Court's review of the proposed counterclaims and the parties' briefing, it appears that there are facts that could be proved under the amendment.

Plaintiff also argues that the claims "fail on their face" because Plaintiff's "affordable housing renovation services do in fact fall within the four categories of the Class 37 services to which Defendants point—custom building construction, custom construction of home, general construction contracting, and residential building construction." (*Id.* at 12–13). This appears to be a factual question. Moreover, "denial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the

amended pleading is filed." *Coronado*, 2019 WL 2288312, at *1 (alteration in original) (quoting *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010)). Therefore, the Court does not find futility at this point.

The fifth and final factor, whether there has been a previous amendment, weighs slightly against leave to amend. Defendants filed an Amended Answer on September 22, 2025, after the preliminary injunction hearing. (Doc. 51). On balance, although Defendants have already filed an Amended Complaint, all four other factors weigh toward leave to amend. Leave to amend is warranted under Rule 15.

### B. Rule 16 Good Cause Standard

The Court initially entered a Rule 16 Case Management Order on October 9, 2025 (Doc. 60), which has since been amended. (Docs. 81, 84). The Court will assess whether there is good cause under Rule 16 to amend the deadline for amended pleadings.

Defendants argue that they discovered the basis for the proposed counterclaims during the preliminary injunction hearing on September 10, 2025. (Doc. 77 at 7). They did not request a copy of the transcript of that hearing until October 29, 2025, and they received it on November 3, 2025. (Doc. 80 at 6). On December 5, 2025, Defendants filed a Motion to Stay (Doc. 68), which was denied on December 22, 2025. (Doc. 74). Defendants then filed the instant Motion on January 22, 2026. (Doc. 77). Though there was a slight delay in Defendants' proposal of these new counterclaims after the preliminary injunction hearing, the Court does not find that it reflects a lack of diligence. This is not a case in which Defendants ignored legal theories previously raised by Plaintiff. *See Johnson*, 975 F.2d at 610 (explaining that the plaintiff had the burden to prosecute their case and the defendant previously raised the issue about which plaintiff sought to amend the complaint). Instead, it appears that Defendants moved to add these counterclaims within a reasonable time after discovering the basis for them. Therefore, the Court finds good cause to allow the amendment under Rule 16.

///

6

## IV.   CONCLUSION

For all the reasons stated above, the Court will grant Defendants' Motion to Amend Counterclaims. (Doc. 77). The Rule 15 factors weigh toward granting leave to amend and there is good cause to amend the case management order under Rule 16.  In addition, this decision comports with the policy in favor of liberal amendment. *See* Fed. R. Civ. P. 15(a)(2). Because the Motion to Amend (Doc. 77) will be granted, the Court will deny as moot the Motion for Expedited Ruling. (Doc. 85).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Amend Counterclaims (Doc. 77) is **granted**.

**IT IS FURTHER ORDERED** that Defendants must file the Second Amended Answer including the Amended Counterclaims on the docket by **May 14, 2026**.

**IT IS FINALLY ORDERED** Defendants' Motion for Expedited Ruling on Motion to Amend Counterclaims (Doc. 85) is **denied as moot**.

Dated this 11th day of May, 2026.

Honorable Steven P. Logan
United States District Judge