**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MFIB LLC,<br><br>Plaintiff,<br><br>vs.<br><br>IBCA LLC, et al.,<br><br>Defendants. | No. CV-25-02517-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Dismiss Counts V–VII of Defendants' Second (*sic*)[1] Amended Counterclaims. (Doc. 92). Plaintiff MFIB, LLC, asks the Court to dismiss Counts V–VII of Defendants' amended counterclaims (Doc. 87) for failure to state a claim. (Doc. 92). Defendants have filed a Response in Opposition to the Motion (Doc. 98), and Plaintiff has filed a Reply (Doc. 99). For the reasons that follow, the Court will grant in part and deny in part Plaintiff's Motion.[2]

## I. BACKGROUND

In ruling on the instant Motion, the Court takes the factual allegations in Defendants' Counterclaim as true. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff, MFIB, LLC, doing business as MFRG-ICON Construction and ICON

[1] Based on the record before this Court, Defendants have only amended their counterclaims once. (*See* Docs. 51, 87).

[2] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

National ("Plaintiff" or "MFIB"), initiated the instant action on July 17, 2025. (Doc. 1). This action concerns Defendants' IBCA, LLC, doing business as ICON Builders ("ICBA" or "ICON Builders"), and Allen W. Sands' ("Sands," collectively "Defendants") alleged infringement of Plaintiff's trademarked names, all involving the use of the term "ICON." (Docs. 1, 3). Defendant IBCA is an affordable housing construction company and is owned by Defendant Sands. (Doc. 1 at 2, ¶ 4)[3]. Defendant Sands formed the ICON Builders mark over forty years ago and has used the ICON Builders mark continuously since then to offer affordable housing construction and renovation services in numerous states. (Doc. 87 at 3, ¶ 8). Plaintiff is a construction company that specializes in affordable housing construction, owned by Justin Krueger. (Doc. 1 at 3–5, ¶¶ 9–19). Plaintiff MFIB was originally formed when Defendant Sands' and Mr. Krueger's construction companies merged. (*Id.* at 4, ¶ 12; Doc. 87 at 3). Prior to the formation, Defendant Sands owned and operated a general contracting company, Icon Commercial Contractors, Inc. ("ICC"), doing business as ICON Builders. (Doc. 1 at 3, ¶ 10; Doc. 28 at 7.) Mr. Krueger worked for Defendant Sands at ICC for several years before departing to eventually form his own company, Multi-Family Renovation Group ("MFRG"). (Doc. 1 at 3–4, ¶¶ 9–12). In 2017, ICC and MFRG joined to form MFIB, LLC. (Doc. 1 at 4, ¶¶ 12–14; Doc. 87 at 3, ¶ 14).

In August 2022, MFRG purchased ICC's ownership interest in MFIB in accordance with the parties' Membership Interest Purchase Agreement ("the Purchase Agreement"). (Doc. 87 at 4, ¶ 22). The Purchase Agreement specified that Plaintiff MFIB had the right to continue using the marks "MFRG-ICON," "ICON National," and "MFRG-ICON Construction." (Doc. 92-1 at 13).[4] The Purchase Agreement also provided that MFIB would not use the marks "ICON Commercial" or "ICON Commercial Contractors" going

---

[3] The basic factual basis is undisputed, according to Defendants' amended answer. (*See* Doc. 51).

[4] Defendants reference this document in their Amended Counterclaim (*see* Doc. 87 at 7) and do not dispute the authenticity of it. Thus, the Court will consider the document in evaluating the instant Motion to Dismiss without converting the Motion to a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

forward. (*Id.*). In August 2022, Plaintiff MFIB filed two federal trademark registrations using the "MFRG-ICON Construction" name: U.S. Trademark Reg. No. 7,228,247 and 7,228,248. (Doc. 1 at 5, ¶ 19). During the buyout, Plaintiff MFIB started a related brand, ICON National, and filed for two more federal trademark registrations in that name under U.S. Trademark Reg. No. 7,228,222 and 7,230,751. (*Id.* at 5–6, ¶ 22). Plaintiff in filing this action sought to enjoin Defendants' use of the name of the name ICON Builders. (*See* Doc. 1).

When filing their trademark registrations, Plaintiff made the following attestation in its application document:

> "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

(Doc. 92-1 at 84, 99, 107).[5]

Defendants filed an Answer (Doc. 17) on August 11, 2025, and then filed an Amended Answer and Counterclaim on September 22, 2025 (Doc. 51). Defendants filed a Motion to Amend/Correct Counterclaims (Doc. 77) which was granted by this Court (Doc. 86). In their Amended Counterclaims, Defendants plead seven counts: (1) Violation of the Arizona Consumer Fraud Act under A.R.S. § 44-1522; (2) Unfair Competition and Palming Off Under Arizona Common Law; (3) Breach of Contract; (4) Unjust Enrichment-Pleaded in the Alternative; (5) Cancellation of the ICON Marks – Fraud on the TTAB – Similar Marks; (6) Cancellation of the ICON Marks – Fraud on the TTAB – Overbroad Registration; and (7) Cancellation of the ICON Marks – 15 U.S.C. § 1052. (Doc. 87 at 11–17). Defendants allege, *inter alia*, that at the time MFIB filed the ICON Trademark Applications, MFIB had actual knowledge that Defendant Sands, and companies that he

---

[5] Defendants quote a portion of the ICON Trademark Applications in their Counterclaim, but the entirety of the attestation document is provided by Plaintiff in its Response.

owned and/or controlled, were using the name ICON Builders in commerce in several of the industries "in which MFIB asserted it had exclusive use." (Doc. 87 at 9, ¶ 56). Defendants allege that MFIB "made a materially false statement to the United States Patent and Trademark Office" by failing to disclose Defendants' use of the ICON marks and by registering the ICON marks in industries that MFIB does not currently, nor intend to, operate in. (*Id.* at 10–11, ¶¶ 67–69).

In Plaintiff's Motion to Dismiss, they argue that Defendants' Counterclaims V–VII should be dismissed. (Doc. 92). Plaintiff argues that the Purchase Agreement permitting Plaintiff to "utilize" ICON marks means that, as a matter of law, Plaintiff is permitted to register "MFRG-ICON," "ICON National," and "MFRG-ICON Construction" as trademarks. (*Id.* at 7). Plaintiff argues that, in the alternative, Counts V and VI fail because Defendants do not plausibly allege fraud or that MFIB's registrations are fatally overbroad. (*Id.* at 8–11). Plaintiff finally argues that Count VII fails as a matter of law because it is "nonsensical." (*Id.* at 11).

## II. LEGAL STANDARD

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the opposing party is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, "all allegations of material fact" in the complaint "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins*, 568 F.3d at 1067 (citation omitted).

Generally, courts should allow leave to amend freely "unless it is clear . . . that the complaint could not be saved by any amendment." Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). In other words, a court does not need to provide leave to amend where it determines that amendment would be futile. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

## III. DISCUSSION

### A. Fraud Claims

"A party may seek cancellation of a registered trademark on the basis of fraud under 15 U.S.C. § 1064(c) by proving a false representation regarding a material fact, the registrant's knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990). The party seeking cancellation based on fraud bears a "heavy" burden of proof. *Id.*

Federal Rule of Civil Procedure 9(b) requires that, when pleading fraud "the circumstances constituting fraud or mistake shall be stated with particularity." This particularity requirement means the pleading party must allege "particular misconduct" that constituted the fraud charge such that the opposing party "can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotation marks omitted). When pleading a fraud claim under Rule 9(b) of the Federal Rules of Civil Procedure, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation and internal quotation marks omitted).

#### 1. <u>Counterclaim V– Cancellation Based on Fraud (False Statement)</u>

In Count V, Defendants allege that MFIB committed fraud on the United States Patent and Trademark Office ("USPTO") by knowingly making false, material

representations of fact in connection with its trademark application. (Doc. 87 at 15). Specifically, Defendants allege in Count V that Plaintiff made a materially false statement to the USPTO by alleging it was "aware of 'no other persons have the right to use such mark in commerce, either in the identical form or in such near resemblance as to be likely to cause confusion or mistake, or to deceive.'" (*Id.* at 10, 15). Defendants allege MFIB knew of conflicting marks and misrepresented material facts by failing to disclose "confusingly similar" ICON marks. (*Id.* at 11, 15).

Plaintiff argues that Defendants have not satisfied the heightened pleading standard in alleging a fraud claim pursuant to Rule 9 of the Federal Rules of Civil Procedure. (Doc. 92 at 7). Plaintiff contends that Defendants do not plausibly allege that MFIB made any false representation of material fact because the pleadings do not raise a reasonable inference that MFIB believed Defendants had a then-existing superior right. (*Id.* at 8). Plaintiff further argues that Defendants failed to plead MFIB had the subjective intent to deceive, and that there is no basis to believe MFIB intended to deceive because there is no evidence MFIB made misrepresentations. (*Id.* at 8–9).

In Response, Defendants argue that they allege MFIB "made a statutory verification that no other persons had the right to use ICON-related marks in commerce in a confusingly similar way." (Doc. 98 at 8). Defendants argue that these allegations, taken as true at the pleading stage, "render it plausible that MFIB's verification was knowingly false" and plausible that Plaintiffs had the intent to deceive. (*Id.* at 10).

"A party may allege fraud in the procurement of a trademark by showing, *inter alia*, that a trademark applicant knowingly and falsely declared under oath in conjunction with the trademark application that 'no other person, firm, corporation, or association [. . .] has the right to use such mark in commerce.'" *AirWair Int'l Ltd.*, 84 F. Supp. 3d at 952 (quoting *Rosso & Mastracco, Inc. v. Giant Food Inc.*, 720 F.2d 1263, 1266 (Fed. Cir. 1983)). This, however, does not require the applicant to "investigate and report all other possible users" of a similar mark. *Rosso & Mastracco, Inc.*, 720 F.2d at 1266. An applicant need only disclose to the USPTO a junior user whose rights to a mark are "clearly established, for

example, by a court decree, by the terms of a settlement agreement, or by a registration." *Id.* Additionally, "'[t]he statement of an applicant that no other person to the best of his knowledge has the right to use the mark does not require the applicant to disclose those persons whom he may have heard are using the mark *if he feels that the rights of such others are not superior to his*.'" *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006) (citation omitted) (finding that the "mere knowledge" of the existence of a similar brand does not constitute fraud).

Here, Defendants allege that Plaintiff committed fraud by failing to disclose to the USPTO of its "knowledge of conflicting marks." (Doc. 87 at 15). When Plaintiff filed its application for trademark registration, Plaintiff attested that "no other persons, *except, if applicable, concurrent users*, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely[.]" (Doc. 92-1 at 84, 99, 107) (emphasis added). Pursuant to the Purchase Agreement between Defendants and Plaintiff, Plaintiff had the right to continue using the marks "MFRG-ICON," "ICON National," and "MFRG-ICON Construction." (Doc. 92-1 at 13). Plaintiff obtained federal trademarks for the names "MFRG-ICON Construction" and "ICON National." (Doc. 1 at 5). Although Defendants may ultimately be the senior user of the "ICON" marks[6], Plaintiff is only required to disclose "conflicting rights" of another user that are "clearly established" by, for instance, "a court decree, by the terms of a settlement, or by a registration." *See Rosso & Mastracco, Inc.*, 720 F.2d at 1266. While Defendants argue that MFIB had "actual knowledge" that Defendants were using ICON marks, Defendants do not allege that they had rights that were "clearly established" such that Plaintiff would have to disclose them. (*See* Doc. 87 at 9).

In fact, the record before this Court shows that Plaintiff legitimately assumed that they were, at minimum, a concurrent user of the mark, as they were expressly permitted by

---

[6] The Court makes no dispositive determination on the issue of the "senior user" here. However, the Court did previously find, in its Order denying Plaintiff's first Motion for Preliminary Injunction, that it is "very likely" Defendants are the senior user of the ICON marks. (Doc. 49 at 13).

the parties' Purchase Agreement to continue to use "MFRG-ICON Construction" and "ICON National" marks. (Doc. 92-1 at 13). The question before the Court currently is not whose rights to the ICON marks are superior, but rather whether Defendants have pled their fraud claim sufficiently such that it is plausible Plaintiff materially misrepresented information to the USPTO. That Plaintiff and Defendants contractually agreed Plaintiff could use the marks, which Plaintiff then in turn filed trademark protections for, does not necessarily establish Plaintiff as the senior user, as Plaintiff argues. (*See* Doc. 92 at 7–8). However, it does show that Defendants were not "clearly established" as the senior user of those marks and were, at minimum, concurrent users. *See eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1080–1081 (C.D. Cal. 2000), *aff'd*, 35 F. App'x 498 (9th Cir. 2002) (finding that it is not enough for a counterclaiming defendant to show some common law rights to using a mark, but a fraud claim will only invalidate a trademark if the defendant's claims were "clearly established.") ("It is *only* when another's *rights*, not just *use*, are "clearly established," that "good faith" is eliminated.") (emphasis in original).

Thus, Defendants' claim that Plaintiff fraudulently failed to disclose Defendants' use of the marks to the USPTO, thereby invalidating their trademark, fails. Defendants fail to plead in their Counterclaim that Defendants had "clearly established" rights. *See Rosso & Mastracco, Inc.*, 720 F.2d at 1266. Defendants provide no basis to conclude that they had "clearly established" rights, and provide only information to show that their claim over the marks stems from prior use. (*See* Doc. 87 at 9). Furthermore, there appears to be no basis where Defendants could plausibly allege "clearly established" rights, given that Plaintiff and Defendants contractually agreed on Plaintiff's ability to use the "MFRG-ICON Construction" and "ICON National" marks. Accordingly, the Court will dismiss Defendants' Count V Counterclaim without leave to amend. *See eCash Techs.*, 127 F. Supp. 2d at 1080–1081 (dismissing defendants' counterclaim without leave to amend finding no basis where defendants could sufficiently allege clearly established rights that would render plaintiff's registration fraudulent).

///

2. Counterclaim VI – Cancellation Based on Fraud (Overbreadth)

Defendants allege in Count VI that MFIB committed fraud by overstating its intent to use the ICON marks in multiple construction categories. (Doc. 87 at 11, 15). Defendants allege that MFIB stated that they had used or intended to use ICON marks in connection with goods and services offered in a list of industries that they did not actually intend to enter. (*Id.*). In its Motion, Plaintiff first argues that their affordable housing renovation services do, in fact, fall within the categories of services Defendants argue do not apply to Plaintiff. (Doc. 92 at 10). Plaintiff also argues that Defendants have not been harmed by any overbreadth, because Defendants only seek to operate in the affordable housing space. (*Id.* at 10–11). Plaintiff further argues that that even if the categories were overbroad, Defendants do not plausibly allege that any asserted overbreadth was the product of bad faith or fraud. (*Id.* at 12). Finally, Plaintiff argues that even if the ICON marks were overbroad in their category registration, the remedy would not be to invalidate the marks in their entirety, but rather to strike them from the relevant categories. (*Id.*).

Defendants argue, in Response, that Count VI plausibly alleges overbreadth and lack of bona fide intent. (Doc. 98 at 13). Defendants argue that Count VI states a plausible claim and contend that "[a] trademark registration may be vulnerable to cancellation when the identification of services is so broad that it encompasses services the registrant never intended to provide or has not actually provided." (*Id.*) (citing *Levi Strauss & Co. v. GTFM*, Inc., 196 F. Supp. 2d 971, 978 (N.D. Cal. 2002)). Defendants also argue that bona fide intent is a fact-intensive inquiry that is unsuitable for dismissal at the pleading stage. (*Id.* at 14).

In Counterclaim VI, it appears Defendants allege that Plaintiff's trademark registration should be cancelled because Plaintiff did not have an intent to use the marks in specific categories of business, thereby committing fraud. (*See* Doc. 87 at 15–16). This claim involves two distinct aspects of trademark law; statutory intent to use and the prohibition against fraud in the trademark process. *See Spin Master, Ltd. v. Zobmondo Ent., LLC*, 778 F. Supp. 2d 1052, 1060 (C.D. Cal. 2011).

In applying for a trademark, the applicant must have a bona fide intention to use the trademark in commerce. 15 U.S.C. § 1051(b). While the lack of bona fide intent is normally demonstrated by a preponderance of the evidence, when a party claims cancellation based on fraud, the party seeking cancellation must show fraud by clear and convincing evidence. *Spin Master, Ltd.*, 778 F. Supp. 2d at 1060–1061. "Although a material false representation regarding an applicant's bona fide intent to use a trademark for a particular purpose may satisfy the test's first requirement, material falsity is only one aspect of the fraud claim." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1097 (9th Cir. 2013) (citation and internal quotation marks omitted). When claiming fraud for material representation, the "[d]eception must be willful" and "mere negligence is not sufficient to infer fraud or dishonesty[.]" *Spin Master, Ltd.*, 778 F. Supp. 2d at 1061 (citation omitted). "There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Id.* (citation omitted).

Here, Defendants claim that MFIB committed fraud "regarding its intent to use the ICON marks in multiple construction categories." (Doc. 87 at 15–16). Defendants plead that such a statement "was false when made" and that MFIB knew of such falsity and intended to induce the USPTO's reliance. (*Id.*). In pleading a fraud claim, however, Defendants are required to plead *with particularity* what claims were false. Fed. R. Civ. P. 9(b). Defendants must identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." *See Cafasso, U.S. ex rel.*, 637 F.3d at 1055. Defendants generally claim that Plaintiff's identification of the construction categories it intended to enter with the ICON marks was fraudulent, but Defendants do not specify *what* was false or misleading about those claims. (*See* Doc. 87 at 15–16). Thus, even accepting as true that Plaintiff overstated its intent to use the ICON marks in multiple construction categories, Defendants' claim of cancellation based on fraud fails to state a plausible claim. *See Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV1305167BROMANX, 2014 WL 10987033, at *5 (C.D. Cal. July 25, 2014) (finding defendant's bare allegations of material misrepresentation were insufficient to plead a fraud claim).

Accordingly, Defendants have failed to plead a plausible fraud claim regarding Count VI. While Defendants do not request leave to amend should their counterclaims be dismissed, the Court will nevertheless consider whether to provide leave to amend in the interests of justice. *See* Fed. R. Civ. P. 15(a). Because amendment could render this claim plausible, Defendants will be afforded leave to amend Count VI of their Amended Counterclaim.[7]

**B. Counterclaim VII – Cancellation Pursuant to Section 1052(d)**

Finally, Defendants plead in Count VII of their Counterclaims that Plaintiff's trademark should be canceled pursuant to 15 U.S.C. §§ 1052(d) and 1064. (Doc. 87 at 16–17). Defendants allege that their use of ICON Builders mark pre-dates MFIB's use of the ICON marks, that customers in the affordable housing space are confused as a result of both parties' use of the mark, that Plaintiff adopted the ICON marks with full knowledge of Defendants' use, and that Defendants have been damaged by MFIB's trademark registration. (*Id.*). Defendants allege that 15 U.S.C. § 1052 provides that the USPTO should refuse to register any mark that has been "previously used in the United States by another and not abandoned" and which is likely to "cause confusion[.]" (*Id.*). Defendants also allege that pursuant to 15 U.S.C. § 1064, any registered mark that was registered contrary to the provisions of 15 U.S.C. § 1502 shall be cancelled "at any time." (*Id.*).

Plaintiff argues in its Motion that Count VII fails "as a matter of law." (Doc. 92 at 11). Plaintiff contends that "if customers are confused about the relationship between two companies due to their use of similar marks, that is not a basis for cancellation—that is trademark infringement by the company lacking priority rights to use the marks." (*Id.*). Plaintiff also argues that the claim is "barred" by the Purchase Agreement, because it seeks to prevent MFIB from "utilizing" the ICON marks. (*Id.*). In Response, Defendants argue that the statute allows for cancellation and that Defendants have pled a plausible claim under 15 U.S.C. § 1502. (Doc. 98 at 15).

---

[7] While Defendants have previously amended their Counterclaims, they have not amended *this* Counterclaim. (*See* Docs. 51, 87).

The Lanham Act authorizes "any person who believes that he is or will be damaged [. . .] by the registration of a mark to petition to cancel the registration." *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1021 (9th Cir. 2018) (citing 15 U.S.C. § 1064). If a petition for cancellation comes before the mark becomes incontestable,[8] "any ground that would have prevented registration in the first place qualifies as a valid ground for cancellation, including that there exists a likelihood of confusion between the mark sought to be canceled and a mark for which the party seeking cancellation can establish either prior use or prior registration." *Id.* (citation omitted).

Here, Defendants allege in their Counterclaim that Defendant Sands has continuously used the ICON Builders mark for over 40 years, that Defendant Sands and his companies have continuously maintained that business name in the construction industry, and that customers are confused by both parties' use of the mark.[9] (*See* Doc. 87). While Plaintiff appears to argue that Defendants' use of the ICON marks is what is causing confusion in the marketplace, such an argument is unpersuasive. (*See* Doc. 92 at 12). Defendants allege that they can demonstrate prior use of the mark and that there is a likelihood of confusion between the ICON marks such that Plaintiff's trademark registration should be cancelled. (*See* Doc. 87). Such allegations are sufficient to state a cancellation claim under 15 U.S.C. §§ 1052(d) and 1064.

Plaintiff's argument that the Purchase Agreement bars Defendants' claim is equally

---

[8] A mark becomes "incontestable" in certain conditions after five years of having been registered. 15 U.S.C. § 1065. The marks at issue in this case were registered in 2023 and thus have not reached such an "incontestable" point. (*See* Doc. 1-2 at 4–8).

[9] Plaintiff argues that Defendants do not actually, themselves, allege that customers are confused by both parties' use of ICON marks, but rather cite to Plaintiff's argument that individuals and companies in the affordable housing space are confused by such a use. (*See* Doc. 99 at 8–9). While Defendants' Counterclaim does not appear to directly claim confusion in the affordable housing space on the use of ICON marks, it does cite to evidence of confusion. (*See* Doc. 87 at 16) ("MFIB contends that individuals and companies in the affordable housing industry are misled regarding the source of the goods and services sold under the ICON Builders and ICON Marks."); (*See* Doc. 87 at 10–11) ("MFIB has affirmatively alleged in this lawsuit that ICON Builders is confusingly similar to its ICON Marks, including ICON National and MFRG-ICON Construction."). Such statements, at this state, are sufficient to plead a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555.

unpersuasive. (Doc. 92 at 11). Plaintiff argues that the parties contractually agreed that nothing would prevent Plaintiff from "utilizing" the names "MFRG-ICON," "ICON National," and "MFRG-ICON Construction," and Defendants seeking to cancel Plaintiff's trademark registration is a form of preventing Plaintiff from "utilizing" the names. (*Id.* at 3, 6, 12). However, the Court rejects Plaintiff's attempt to equate "utilizing" the agreed upon ICON marks to mean Defendants have no authority to challenge Plaintiff's trademark of the terms. *See McClure v. State Farm Life Ins. Co.*, 608 F. Supp. 3d 813, 819 (D. Ariz. 2022) ("[C]ontract provisions in Arizona are interpreted according to their plain and ordinary meaning.") (citation omitted).

Accordingly, the Court will deny Plaintiff's request to dismiss Defendants' Count VII counterclaim.

## IV. CONCLUSION

Plaintiff MFIB's Motion to Dismiss (Doc. 87) will be granted in part and denied in part. Defendants fail to allege sufficient facts to plead a plausible claim regarding their two fraud counterclaims (Counts V and VI). With respect to Count V, amendment would be futile as there appears no basis where Defendants could plausibly allege fraud for failure to disclose similar marks. Accordingly, the Court will dismiss Count V without leave to amend. With respect to Count VI, Defendants may be able to allege facts to plead a plausible claim, and thus the Court will dismiss Count VI with leave to amend.

Finally, Count VII, seeking cancellation pursuant to 15 U.S.C. §§ 1052(d) and 1064, states a claim sufficient to show Defendants may be entitled to relief. Plaintiff's request seeking to dismiss Count VII will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Counts V-VII of Defendants' Second (*sic*) Amended Counterclaims Pursuant to Federal Rule of Civil Procedure 12(b)(6) is **granted in part and denied in part**, as follows:

1. Defendants' Claim V of their Amended Counterclaim (Doc. 87) is **dismissed** with prejudice and without leave to amend.
2. Defendants' Claim VI of their Amended Counterclaim (Doc. 87) is **dismissed**

with leave to amend.

3. Defendants' Claim VII of their Amended Counterclaim (Doc. 87) may proceed.

**IT IS FURTHER ORDERED** that Defendants are granted leave to file a Second Amended Counterclaim regarding Claim VI in accordance with this Order no later than **November 14, 2026**. Defendants are on notice that if they again fail to cure the deficiencies in their Counterclaim, the Claim may be dismissed with prejudice and without leave to amend.

Dated this 30th day of October, 2026.

Honorable Steven P. Logan
United States District Judge